ELECTRONICALLY FILED
Apr 10 2019
U.S. DISTRICT COURT
Northern District of WV

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM HYMAN, CHAD THOMPSON,**
**AND MARISSA RINEHART,**

Plaintiffs,

v.

**CITY OF SALEM, WEST VIRGINIA,**

Defendant.

CASE NO. <u>1:19-cv-75</u>

**JURY TRIAL DEMANDED**

Judge Thomas S. Kleeh

### ELECTION MATTER
### PRELIMINARY INJUNCTION and TRO REQUESTED

_____/

### **VERIFIED COMPLAINT**

1.      Plaintiffs in this facial and as-applied action brought under the First and Fourteenth Amendments to the United States Constitution seek both to enjoin Defendant from removing their popular initiative from the City of Salem's June 4, 2019 election ballot and to recover money damages from Defendant under 42 U.S.C. § 1983.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978).

2.      On or about January 14, 2019, Plaintiffs Hyman and Thompson presented to Defendant an initiative with sufficient supporting signatures calling for the decriminalization of marijuana possession in the City of Salem.  *See* Exhibit 1.

3.      Plaintiffs' initiative satisfied all of the procedural requirements prescribed by law, was supported by a sufficient number of voters' signatures, and fully complied with West

Virginia's and the City of Salem's requirements for placing an initiative on Defendant's June 4, 2019 election ballot.

4.      On or about February 12, 2019, Plaintiffs were officially informed by Defendant at a regularly scheduled city council meeting that their initiative satisfied West Virginia's and the City of Salem's requirements for placing an initiative on Defendant's June 4, 2019 election ballot and that their initiative would therefore be included on the June 4, 2019 election ballot in Salem, West Virginia.

5.      On or about March 28, 2019, Plaintiffs were orally informed by Defendant's attorney that Defendant would change its mind and that Plaintiffs' initiative would not be included on the June 4, 2019 election ballot.

6.      Plaintiffs have not been formally and officially notified that Defendant has decided to remove their initiative from the City of Salem's June 4, 2019 election ballot.

7.      On April 8, 2019, Plaintiffs' lawyer was orally informed by Defendant's lawyer that Defendant had in fact changed its mind and that Plaintiffs' initiative would not be included on Defendant's June 4, 2019 election ballot.

8.      Defendant's belated decision to remove Plaintiffs' initiative from the June 4, 2019 election ballot is ostensibly premised on a memorandum, dated March 28, 2019, sent by an attorney in the office of the West Virginia Secretary of State to Defendant's attorney. *See* Exhibit 2.

9.      The memorandum dated March 28, 2019 from the West Virginia Secretary of State was also supplied to Plaintiffs.

10.     The memorandum dated March 28, 2019 from the West Virginia Secretary of

State was not prepared at the request of Plaintiffs, but was prepared at the request of Defendant.

11.     The memorandum dated March 28, 2019 from the West Virginia Secretary of State explained that the Secretary of State "does not have authority to enforce or officially interpret the provisions discussed below, … [but would] offer an informal interpretation for consideration by interested parties."  *See* Exhibit 2.

12.     Defendant at all relevant times had in place and still has in place a proper Charter provision enacted pursuant to W.Va. Code § 8-12-4 allowing initiatives to be included on its local election ballots.

13.     West Virginia Code § 8-12-4 authorizes the City of Salem's Charter provision allowing initiatives and states in relevant part:

Any city may by charter provision provide for any or all of the following:

(1) The initiation of ordinances by petition bearing the signatures, written in their own handwriting, of not less than ten percent of the qualified voters of such city; [and]

(2) The submission to the qualified voters of such city of a proposed ordinance at a regular municipal election or special municipal election upon petition bearing the signatures, written in their own handwriting, of not less than ten percent of the qualified voters of such city or upon resolution of the governing body of such city;

14.     Because Defendant at all relevant times had in place a proper Charter provision enacted pursuant to W.Va. Code § 8-12-4 allowing initiatives to be included on its local election ballots, the memorandum dated March 28, 2019 was relevant only to the third question raised by Defendant, that is, whether "a municipality in WV [may] adopt an ordinance that is contrary to current WV law, notwithstanding the fact that the initiative satisfies the procedural requirements of W. Va. Code § 8-12-4?"

15.     The memorandum dated March 28, 2019 in response to this third question advised

that Plaintiffs' proposed decriminalization ordinance, presented to Defendant as an initiative, would "[l]ikely" "violate the WV Constitution," since marijuana possession remains criminal under state law.  *See* Exhibit 2.

16.     The memorandum dated March 28, 2019 concluded by stating again that "[t]he opinions expressed in this memorandum are non-binding and have no legal effect. This memorandum is provided merely for municipal officials' consideration in the instant case."  *See* Exhibit 2.

17.     The memorandum dated March 28, 2019 did not advise Defendant to remove Plaintiffs' initiative from the June 4, 2019 election ballot.

18.     Defendant, according to its lawyer, has now removed Plaintiff's initiative from the June 4, 2019 election ballot.

19.     Defendant's decision  to remove Plaintiffs' initiative from the June 4, 2019 election ballot is premised on Defendant's belief that the content and/or subject matter of Plaintiff's initiative could  contradict State law, prove unconstitutional under the State Constitution, thereby prove unenforceable and have no effect.

20.     Defendant's decision to remove Plaintiff's initiative from the June 4, 2019 election ballot was a content-based restriction on Plaintiffs' speech.

21.     Defendant's decision to remove Plaintiff's initiative from the June 4, 2019 election ballot was not based on or governed by content-neutral, objective standards prescribed according to law.

22.     Defendant's decision to remove Plaintiff's initiative from the June 4, 2019 election ballot was not mandated or required by the West Virginia Secretary of State, West

Virginia's Constitution, West Virginia law, or local law.

23.     Defendant's decision to remove Plaintiff's initiative from the June 4, 2019 election ballot was an act of discretion.

24.     Defendant exercised its discretion to remove Plaintiffs' initiative from the June 4, 2019 election ballot.

25.     Neither West Virginia law nor local law provides any legal mechanism for courts to immediately address the legality of a city's discretionary decision to remove an otherwise properly proposed initiative from that city's ballot based on the content of that initiative.

26.     Neither West Virginia law nor local law requires that a city first obtain judicial approval before exercising discretion to remove an otherwise properly proposed initiative from that city's election ballot.

27.     Neither West Virginia law nor local law requires that a court exercise de novo judicial review to assess the legality of a city's discretionary decision to remove an otherwise properly proposed initiative from that city's election ballot.

28.     Neither West Virginia law nor local law include objective, content-neutral standards to limit a city's discretion to select which initiatives to be included and which initiatives to be excluded from local election ballots based on the content and/or subject matter of the proposed initiative.

29.     Under West Virginia law, an aggrieved person's only recourse when a city removes that aggrieved person's otherwise properly prepared and presented initiative from that city's election ballot is to seek mandamus.  *See State ex rel. Horne v. Adams*, 154 W.Va. 269, 175 S.E.2d 193 (1970).

5

30.     Under West Virginia law, courts are authorized to issue mandamus only when a government official fails to perform a legal duty and clearly violates state law.  *See State ex rel. Ray v. Skaff*, 190 W.Va. 504, 438 S.E.2d 847 (1993).

31.     Mandamus is not an adequate substitute for the de novo judicial review of executive decisions restraining speech required by the First and Fourteenth Amendments to the United States Constitution.  *See Schmitt v. Husted*, 341 F.Supp.3d 784 (2018), *converted to permanent injunction*, 2019 WL 517666 (S. D. Ohio 2019) (enjoining Ohio's law authorizing only mandamus review of local election board decision to to remove initiative from ballot).

32.     West Virginia courts are not empowered to exercise de novo review when assessing the legality of a city's discretionary decision to remove an initiative from that city's ballot based on the content and/or subject matter of the proposed initiative.  *See Burnell v. City of Morgantown*, 210 W.Va. 506, 558 S.E.2d 306 (2001).

33.     Defendant's decision to remove Plaintiffs' initiative from the City of Salem's June 4, 2019 election ballot violates the "procedural safeguards" required by the First and Fourteenth Amendments when government uses content and/or subject matter to restrain a person's speech. *See Freedman v. Maryland*, 380 U.S. 51 (1965); *Covenant Media of South Carolina v. City of North Charleston*, 493 F.3d 421, 431 (4th Cir. 2007) ("In *Freedman,* the Supreme Court set forth three procedural safeguards for a speech licensing scheme: '(1) any restraint prior to judicial review can be imposed only for a specified brief period during which the status quo must be maintained; (2) expeditious judicial review of that decision must be available; and (3) the censor must bear the burden of going to court to suppress the speech and must bear the burden of proof once in court.'").

34.     West Virginia law and local law fail to maintain the status quo by requiring that otherwise properly submitted and certified initiatives remain on election ballots pending any judicial review sought by government.

35.     West Virginia law and local law fail to require that when a city decides to remove an initiative from its election ballot based on subject matter and/or content "expeditious judicial review of that decision" is immediately available as required by the First and Fourteenth Amendments. *See Covenant Media of South Carolina v. City of North Charleston*, 493 F.3d 421, 431 (4th Cir. 2007).

36.     West Virginia and local law fail to place the burden of instituting judicial proceedings and proving that expression is unprotected on the licensor in violation of the First and Fourteenth Amendments to the United States Constitution. *See Covenant Media of South Carolina v. City of North Charleston*, 493 F.3d 421, 431 (4th Cir. 2007).

37.     Defendant's decision to remove Plaintiffs' initiative was based on the content of the initiative and is subject to strict scrutiny under the First Amendment to the United States Constitution. *See Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2227 (2015).

38.     Defendant's decision to remove Plaintiffs' initiative cannot pass strict scrutiny by because it is not absolutely necessary to achieve a compelling state interest. *See Wyman v. Secretary of State*, 625 A.2d 307, 309 (Me. 1993) ("The potential invalidity of the subject of an initiative petition, however, is not a sufficient reason to pre-empt the petition process itself or to bar the discussion of the issues raised in the petition. … <u>Because the petition process is protected by the first amendment and the Secretary has advanced no compelling interest in executive oversight of the content of the petition</u> prior to its circulation for signature, his refusal to furnish

the petition form based on the content of the proposed legislation impermissibly violated Wyman's rights protected by the first amendment.") (Emphasis added).

39.     Defendant's discretionary decision to remove Plaintiffs' initiative is an impermissible prior restraint under the First Amendment to the United States Constitution. *See*, *e.g.*, *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 150-51 (1969) ("This ordinance as it was written fell squarely within the ambit of the many decisions of this Court over the last 30 years, holding that a law subjecting the exercise of First Amendment freedoms to the prior restraint of a license, without narrow, objective, and definite standards to guide the licensing authority, is unconstitutional.").

40.     Defendant's decision to remove Plaintiffs' initiative without objective, content-neutral standards renders the decision an impermissible prior restraint under the First Amendment to the United States Constitution. *See*, *e.g.*, *Forsyth County v. Nationalist Movement*, 505 U.S. 123, 131 (1990) ("To curtail that risk, 'a law subjecting the exercise of First Amendment freedoms to the prior restraint of a license' must contain 'narrow, objective, and definite standards to guide the licensing authority.'" *Id.* (citations omitted).

41.     Defendant's decision to remove Plaintiffs' initiative was finalized without prior judicial approval and therefore constitutes an impermissible prior restraint under the First Amendment to the United States Constitution. *See Covenant Media of South Carolina v. City of North Charleston*, 493 F.3d 421, 431 (4th Cir. 2007).

42.     Defendant's decision was not appealed by Defendant at Defendant's expense to a court of law in order to obtain prompt judicial authorization and therefore constitutes an impermissible prior restraint under the First Amendment to the United States Constitution. *See*

*Covenant Media of South Carolina v. City of North Charleston*, 493 F.3d 421, 431 (4th Cir. 2007).

43.    Defendant's decision to remove Plaintiffs' initiative from the June 4, 2019 election ballot constitutes an official policy or custom of the City of Salem within the meaning of 42 U.S.C. § 1983.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978).

44.    Defendant's action at all relevant times were under color of state and local law within the meaning of 42 U.S.C. 1983.  *See Monroe v. Pape*, 365 U.S. 167 (1961).

45.    Defendant's removal of Plaintiffs' initiative from the June 4, 2019 election ballot caused Plaintiffs injury-in-fact in the form of direct interference with Plaintiffs' First Amendment rights to associate and speak.

46.    Plaintiffs' injury-in-fact is causally connected to and fairly traceable to Defendant's removal of Plaintiffs' initiative from the June 4, 2019 election ballot.

47.    Plaintiffs' injury-in-fact can and will be redressed by emergency injunctive relief restoring Plaintiffs' initiative to the June 4, 2019 election ballot.

48.    Plaintiffs' injury-in-fact includes financial, economic, emotional and other injuries that were proximately caused by Defendant's conduct.

49.    Plaintiffs' financial, economic, emotional and other injuries can and will be redressed by an award of nominal, compensatory and/or presumed damages from Defendant.

### Parties

50.    Plaintiff Chad Thompson is a resident of Toledo, Ohio and is qualified under West Virginia law and local law to circulate petitions supporting initiatives that are to be included on local election ballots pursuant to City Charter and West Virginia law.

9

51.     Plaintiff William Hyman is a resident of Clarksburg, West Virginia and is qualified under West Virginia law and local law to circulate petitions supporting initiatives that are to be included on local election ballots pursuant to City Charter and West Virginia law.

52.     Plaintiff Marissa Rinehart is a resident of Salem, West Virginia, a qualified elector in Salem and the State of West Virginia, and properly signed Plaintiffs' initiative in order to have it placed on the City of Salem's June 4, 2019 election ballot.

53.     Defendant is a municipal corporation organized under the laws of West Virginia and has the capacity to sue and be sued under 42 U.S.C. 1983 for injunctive relief, declaratory relief, and money damages. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978).

## Jurisdiction and Venue

54.     Federal jurisdiction is proper under the First and Fourteenth Amendments to the United States Constitution, 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983.

55.     Venue lies in this district under 28 U.S.C.§ 1391(b) because Defendant resides in this district and because a substantial part of the events giving rise to Plaintiffs' claim occurred in the district.

## Claim One (Facial and As-Applied First Amendment Challenges based on Defendant's Content-Based Restriction)

56.     Plaintiffs herein incorporate the allegations made in paragraphs 1 through 55.

57.     Defendant's decision to remove and its removal of Plaintiffs' initiative from the June 4, 2019 election ballot was based on content and/or subject matter.

58.     Defendant's removal of Plaintiffs' initiative from the June 4, 2019 election ballot is subject to strict scrutiny.

59.     Defendant's removal of Plaintiffs' initiative from the June 4, 2019 election ballot

is facially and as-applied violates the First Amendment to the United States Constitution, as incorporated and applied to Defendant by the Fourteenth Amendment to the United States Constitution.

60.     Defendant's unconstitutional action proximately caused Plaintiffs' injuries-in-fact.

61.     Defendant is liable to Plaintiffs for preliminary and permanent injunctive relief, declaratory relief, and money damages.

### Claim Two (Facial and As-Applied First Amendment Challenge Based on Impermissible Prior Restraint)

62.     Plaintiffs herein incorporate the allegations made in paragraphs 1 through 61.

63.     Defendant's discretionary decision to remove and its removal of Plaintiffs' initiative from the June 4, 2019 election ballot was an impermissible prior restraint and therefore violates the First and Fourteenth Amendments to the United States Constitution.

64.     Defendant's removal of Plaintiffs' initiative from the June 4, 2019 election ballot was accomplished without the procedural safeguards required of prior restraints and therefore violates the First and Fourteenth Amendments to the United States Constitution.

65.     Defendant's removal of Plaintiffs' initiative from the June 4, 2019 election ballot is both facially violates the First and Fourteenth Amendments to the United States Constitution and is unconstitutional as-applied to Plaintiffs' exercise of their First and Fourteenth Amendment rights.

66.     Defendant's unconstitutional action proximately caused Plaintiffs' injuries-in-fact.

67.     Defendant is liable to Plaintiffs for preliminary and permanent injunctive relief, declaratory relief, and money damages.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs request the following relief pursuant to 28 U.S.C. § 2201, 42 U.S.C. § 1983 and 42 U.S.C. § 1988(b):

A.      a declaration under 28 U.S.C. § 2201 that Defendant's action was facially unconstitutional under the First and Fourteenth Amendments;

B.      a declaration under 28 U.S.C. § 2201 that Defendant's action was unconstitutional as-applied under the First and Fourteenth Amendments;

C.      a temporary restraining order and/or preliminary injunction under 42 U.S.C. § 1983 prohibiting Defendant from removing initiatives from its election ballots based on those initiatives' content and/or subject matter;

D.      a permanent injunction under 42 U.S.C. § 1983 prohibiting Defendant from removing initiatives from its election ballots based on those initiatives' content and/or subject matter;

E.      a temporary restraining order and/or preliminary injunction under 42 U.S.C. § 1983 directing Defendant to immediately restore Plaintiffs' initiative to its June 4, 2019 election ballot;

F.      an award to Plaintiffs of nominal, compensatory, and/or presumed damages from Defendant pursuant to 42 U.S.C. § 1983;

G.      a reasonable attorney's fee and costs pursuant to 42 U.S.C. § 1988(b); and

H.      such other and further relief as may be just and proper.

Dated: April 9, 2019

## VERIFICATION OF PLAINTIFF CHAD THOMPSON
### (pursuant to 28 U.S.C. § 1746(2))

I, Chad Thompson, verify under the penalty of perjury that the foregoing is true and correct.

Executed on: ___4/9/2019___

_____
Chad Thompson

**VERIFICATION OF PLAINTIFF WILLIAM HYMAN**
**(pursuant to 28 U.S.C. § 1746(2))**

I, William Hyman, verify under the penalty of perjury that the foregoing is true and correct.

Executed on: _4/9/19_____

_William Hyman_____
William Hyman

14

## VERIFICATION OF PLAINTIFF MARISSA RINEHART
### (pursuant to 28 U.S.C. § 1746(2))

I, Marissa Rinehart, verify under the penalty of perjury that the foregoing is true and correct.

Executed on: _4 - 9 - 2019_

_____
Marissa Rinehart

Respectfully submitted,

*/s/ Lonnie C. Simmons*
Lonnie C. Simmons
West Virginia Bar No. 3406
DiPiero Simmons McGinley & Bastress, PLLC
P.O. Box 1631
Charleston, WV  25326-1631
Phone:  304-342-0133
Fax:  304-342-4605
Email:  Lonnie.Simmons@dbdlawfirm.com



Mark R. Brown
Ohio Registration No. 81941
303 East Broad Street
Columbus, OH 43215
Phone: (614) 236-6590
Fax: (614) 236-6956
Email: mbrown@law.capital.edu
*Pro hac vice pending*


Attorneys for Plaintiffs